3:19mj663(SALM)

ss:    New Haven

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Jonathan Troesser, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I have been employed as an Ansonia, CT Police Officer since July of 2007, and am currently a Detective and Task Force Officer ("TFO") assigned to the Drug Enforcement Administration ("DEA") New Haven District Drug Task Force ("NHDDTF"), which is comprised of DEA agents and task force officers from the multiple other law enforcement agencies. During the course of my career, I have participated in numerous criminal investigations including investigations into suspected narcotics trafficking and money laundering. My participation in the investigations has included coordinating controlled purchases of narcotics utilizing confidential informants, cooperating witnesses and undercover law enforcement officers; coordinating the execution of search and arrest warrants; conducting electronic and physical surveillance; analyzing records related to narcotics trafficking; testifying in Grand Jury and District Court proceedings; and interviewing individuals and other members of law enforcement regarding the manner in which narcotics traffickers obtain, finance, store, manufacture, transport and distribute controlled substances. I have participated in multiple investigations involving the execution of search warrants on electronic devices.

2.      Based upon my experience and training, I am familiar with the manner and means employed by narcotics traffickers, including the manner and means by which narcotics traffickers

communicate, as well as the devices commonly utilized by them, and those methods employed by narcotics traffickers in an effort to avoid detection by law enforcement.

3.    I am the case agent in the investigation of MACARTHUR WINFREY (date of birth: ███████████) in connection with suspected drug trafficking activity. I submit this affidavit in support of a criminal complaint charging WINFREY with distribution of controlled substances and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of controlled substances in violation of 18 U.S.C. § 2 (the "Offenses"). I have participated fully in the investigation that is the subject of this affidavit, and I have done so in conjunction with other law enforcement officers, including other members of the NHDDTF.

4.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

### Victim #1's Overdose Death and Related Investigation

5.    On February 15, 2019 at approximately 2:23 PM, members of the Ansonia, Connecticut Police Department responded to the Ansonia residence of Victim #1 who was reported to be unresponsive. Victim #1 was initially located by the responding officers on the floor in the kitchen of the residence. Patrol Officers and medical personnel evaluated Victim #1 and found that he was not breathing and had no detectable heartbeat. Victim #1 was provided CPR but was later pronounced dead at the residence at 3:06 PM by paramedics. Family members on scene at the

residence advised first responders that Victim #1 had cellulitis but also suffered from opioid addiction for which he used methadone.

6.    Ansonia Police Detective Steven Adcox responded to the residence and processed the scene. No drug related items were seized in the kitchen where Victim #1 was found. Detective Adcox then processed Victim #1's bedroom and recovered the following items;

      a.    Seven unopened wax paper folds each containing a tan powdered substance suspected to be heroin. Each fold was stamped in green ink with "702". These unopened folds of suspected heroin were recovered in a clear cup located on the entertainment center.

      b.    Nineteen used wax folds stamped "702" in green ink. These folds were found on top and near the top of the garbage in the garbage can.

      c.    Six used wax folds stamped with an eye and "Focus" in red ink. These six folds were found in the bottom of the garbage can and appeared to have been covered by several days or weeks of garbage based upon the amount of garbage and postmarks on the mail found in the garbage can.

      d.    One prescription pill bottle containing Cephalexin (antibiotic) and one over-the-counter CVS brand pill bottle containing acid controller pills. These pill bottles were found on top of the small refrigerator in bedroom.

      e.    One small plastic bag containing suspected marijuana found in a glass jar on top of the bureau

      f.    One Samsung S8+ cellular phone found on the top of entertainment center. Family members provided Victim #1's cell phone number as 203-████.

7.    Victim #1's cell phone was fingerprint and pass code protected. Detective Adcox was able to use Victim #1's finger to unlock the phone (however, to disable the screen lock function entirely, a pass code unknown to police was required; accordingly, police were only able to retrieve information temporarily with access to Victim #1's finger). Members of the Ansonia Police Department were able to gather some information from the phone while on scene. However, once the Victim was removed by the Medical Examiner's Office, officers were again locked out of the Victim's phone and could not unlock the phone. On February 16, 2019, Detective Adcox went to the State Medical Examiner's Office for the autopsy of Victim #1. Victim #1's finger was utilized again to unlock the Victim's cell phone, at which time Detective Brian Harte photographed as much information from the phone as he could, including call logs, messages and phone contacts.

8.    After reviewing the information obtained from Victim #1's cell phone, it was determined that Victim #1 was involved in purchasing suspected heroin for personal use as well as to supply a small group of friends and/or associates. One of the associates was identified in Victim #1's phone as "Stiffy." The DEA issued an administrative subpoena and obtained the subscriber information for the phone number. I was later able to identify "Stiffy" as Justin Hugya. Hugya and Victim #1 had a series of text message conversations between January 6 and February 8, 2019. Based upon the text messages, it was determined that the two would travel together to New Haven to purchase heroin stamped "702" from a source identified as "OG." In a text message, Hugya told Victim #1 that the "702" was the best he has had in ten years. On February 2, 2019, Hugya provided "OG's" phone number, 203-390-1242 (Target Telephone #1) to Victim #1 so that Victim #1 could contact "OG" directly. Hugya instructed Victim #1 to meet "OG" near Visel's Pharmacy on Dixwell Avenue (near Bassett Street) in New Haven, CT. Victim

#1's phone log showed that Victim #1 had contacted by "OG" by phone directly on February 2, February 5, February 11, February 13, and February 15 (the day of Victim #1's death).

9.    On February 19, 2019, the DEA issued an administrative subpoena to T-Mobile for the subscriber information and call records for Target Telephone #1. The return of the subpoena identified the subscriber as Mcarthur WINFREY of 906 Dixwell Avenue, Hamden, CT. The call records received from T-Mobile confirmed the aforementioned telephone contact on February 2 through February 15 with Victim #1. On the day of the death of Victim #1, records show a total of four phone calls between Victim #1 and Target Telephone #1.

10.    An open source Facebook check revealed that a Facebook page in the name of "Santana Bernard" was linked to Target Telephone #1. After viewing DMV, DOC and New Haven PD booking photos of WINFREY, the photos appearing on the Facebook page of "Santana Bernard" were confirmed to be WINFREY. A second "Santana Bernard" Facebook page was also located and also contained pictures of WINFREY.

11.    An NCIC Record Check revealed that Mcarthur WINFREY (date of birth: █████), is a registered sex offender currently residing at 906 Dixwell Avenue, Apartment 2R, Hamden, CT. His criminal record reflects 34 arrests between 1979 and 2014. The nature of the offenses previously committed by WINFREY include but are not limited to Robbery in the First and Second Degrees, Sex Assault in the Second Degree, Assault in the First Degree, Criminal Possession of a Firearm, Larceny, Forgery, and numerous drug offenses (the most recent of which dates to 2015).

## First Controlled Purchase

12.     During the week of March 11, 2019, members of the NHDDTF formulated a plan to utilize an Ansonia Police Department confidential source ("the CS"),[1] who had previously purchased heroin from the individual using 203-390-1242 (Target Telephone #1)—the same phone number that was labelled as "OG" in Victim #1's phone, whom officers believed to be WINFREY based on phone records and Facebook information (as described above). According to the CS's information, the CS had previously served as a confidential informant approximately 5 years ago following another drug overdose in the area of Milford, Connecticut, but the CS did not recall the name or agency of the law enforcement officer contact, nor the name of the victim, nor the name of the victim's narcotics dealer. Based on very limited information, the DEA has been unable to verify the CS's prior service as a confidential informant. An NCIC Records Check revealed that the CS was arrested on state larceny charges last year, but that the case was dismissed upon a declaration of *nolle prosequi*. The CS has received payment from the NHDDTF in connection with serving as a confidential informant in this case.

13.     During the week of March 11, 2019, the CS agreed to contact "OG" to arrange for a controlled purchase of multiple bundles of heroin. Prior to the controlled purchase, the CS provided officers with a secondary phone number for "OG," which the CS believed was a newer phone number: 203-824-6623, hereinafter referred to as Target Telephone #2. Prior to the controlled buy, officers drove the CS through the area of Dixwell Avenue where the CS knew

---

[1]

"OG" to operate in an attempt to locate an older red SUV with a Connecticut license plate, which the CS last saw "OG" driving. Across from 906 Dixwell Avenue, the CS observed an older red Ford Explorer bearing Connecticut registration AN32940. The CS had previously provided officers with that registration plate number for the vehicle, but with two numbers switched by mistake. While waiting in the area for surveillance units to get set up on the Ford Explorer, a black male and black female approached the Ford Explorer and started to get in. TFO Kevin Zainc and I drove the CS past the Ford Explorer and the CS confirmed that the male and female approaching the vehicle were "OG" and his girlfriend or wife. I positively identified "OG" as WINFREY based upon my previous viewing of DMV, DOC and booking photos. Surveillance units followed the Ford Explorer as it traveled to the Howard Avenue Parking Garage.

14. Meanwhile, the CS made the first attempt to contact "OG" on Target Telephone #1. The call was recorded and a male who the CS stated was "OG" answered the phone. The male stated that he had to go to an appointment first and that he would be good in a half hour. Approximately 45 minutes later, the CS received a text message from Target Telephone #1 instructing the CS to go to Visel's, the pharmacy on Dixwell Avenue. The CS was issued Official Advanced Funds from law enforcement officers and was searched before and after the transaction for contraband with negative results. Surveillance was maintained as the CS traveled to and waited at the meet location.

15. Approximately 15 minutes later, TFO Zainc and I observed the same red Ford Explorer pull into the parking lot adjacent to Visel's Pharmacy. The CS met with WINFREY, whom the CS identified as the driver of the vehicle. After a very brief hand-to-hand transaction, the CS walked away and WINFREY drove out of the parking lot onto Dixwell Avenue. The CS then travelled to the pre-arranged meet location and turned over to law enforcement officers the

suspected heroin, which was stamped "702" in green ink. The CS stated that WINFREY's girlfriend was also present in the front seat of the Ford Explorer and witnessed the transaction. WINFREY's girlfriend was later identified by New Haven Police as Dawn COSTON (date of birth ▮▮▮▮▮▮▮). The heroin was seized as Exhibit 224 and sent to the DEA Laboratory for testing. The lab results later identified the substance in the wax folds as heroin mixed with cocaine, lidocaine, quinine and diltiazem.

### Attempted Motor Vehicle Stop

16.     On March 11, 2019, the New Haven Police Department attempted to conduct a motor vehicle stop of the red Ford Explorer being operated by WINFREY, with Connecticut Registration AN32940. A New Haven Police Officer conducted a traffic stop and approached WINFREY at the driver's window. The officer, who later identified WINFREY by viewing his DMV and Booking photos, stated that WINFREY appeared to be nervous. The Officer instructed WINFREY to put the vehicle into park, and WINFREY stated he was unable to do so. WINFREY then accelerated away from the Officer and the vehicle was soon lost in the area. The Ford Explorer was later found parked and unoccupied in the area. New Haven Police towed the vehicle and also recovered one cellular phone which was on the driver's seat of the vehicle. The phone was ringing and the Officer's observed a photograph of WINFREY as the background on the display screen. The cell phone was seized under New Haven Police Case #19-009265.

17.     On March 12, 2019, the DEA issued an administrative subpoena to AT&T for Target Telephone #2, 203-824-6623, to obtain subscriber information. The subpoena returns identified the subscriber of Target Telephone #2 as Mcarthur WINFREY Jr. of 38 Townsend Street, New Haven, CT. According to WINFREY's arrest records, WINFREY had previously resided at 38 Townsend Avenue at the time of his arrest in New Haven, CT on September 10,

2014. The information received from AT&T also stated that on March 11, 2019, a status change was noted on the phone record for Target Telephone #2, which stated that the phone had been reported by the user as "lost equipment."

## Second Controlled Purchase

18.     During the week of March 25, 2019, members of the NHDDTF formulated a plan to utilize the CS to contact "OG" to arrange for the purchase of multiple bundles of heroin. Prior to the controlled purchase, the CS stated that WINFREY had provided the CS with a new cell phone number to contact him for purchasing heroin. The number was 475-434-1209, hereinafter referred to as Target Telephone #3. The CS was instructed by law enforcement to contact WINFREY on Target Telephone #1 first. When the CS dialed Target Telephone #1, the call did not go through due to the phone service being disconnected. The CS then placed a recorded call to WINFREY over Target Telephone #3. Winfrey answered the phone and instructed the CS to go to the Dunkin Donuts (940 Dixwell Avenue, Hamden, CT) across from the Burger King. The CS was issued Official Advanced Funds from law enforcement officers and was searched before and after the transaction for contraband with negative results. Surveillance was maintained as the CS traveled to and waited at the meet location. While at the meet location, WINFREY contacted the CS and directed the CS to the bus stop in front of the Dunkin Donuts. Several minutes later, surveillance units observed WINFREY's girlfriend, Dawn COSTON, emerge from behind WINFREY's residence at 906 Dixwell Avenue, which was a short walk from the bus stop meet location that WINFREY had given the CS. COSTON walked across to the bus stop and provided the CS with the bundles of heroin in exchange for the Official Advanced Funds. Surveillance units maintained surveillance on COSTON as she then entered the Dunkin Donuts. Upon exiting the Dunkin Donuts, she returned to WINFREY's residence at 906 Dixwell Avenue. COSTON

checked the mailbox next to the left front door and then entered into the left front door which had the number 906 displayed on it. The CS then travelled to meet law enforcement officers and turned over the suspected heroin, which was stamped "702" in green ink. The heroin was seized as Exhibit 225 and sent to the DEA Laboratory for testing. The lab results later identified the substance as heroin mixed with cocaine and lidocaine.

19.     On April 2, 2019, the DEA issued an administrative subpoena to Verizon Wireless for call records and subscriber information pertaining to Target Telephone #3. The return of the subpoena identified Target Telephone #3 as a pre-paid phone with subscriber name of Matt Johnson and the address listed 725 Foxon Road, East Haven, Connecticut, which is the address of Wireless Zone, a Verizon authorized retailer. Based upon my training and experience, I know that individuals involved in drug dealing often use pre-paid cellular telephones subscribed to false names and addresses to attempt to avoid detection and identification by law enforcement.

## Further Surveillance and Investigation

20.     On April 8, 2019, I set up to conduct surveillance in the area of Mcarthur WINFREY's known residence of 906 Dixwell Avenue, Apt 2R, Hamden, CT. The purpose of the surveillance was to attempt to identify a vehicle that WINFREY may be operating. While watching the residence, I observed a light blue GMC Terrain pull into the driveway at approximately 11:00 AM. An older black male was operating the vehicle. The male exited the car and was walking around in the area and appeared to be waiting for someone. A few minutes later, the male got back into the driver's seat and continued to wait. After another minute or so, I observed WINFREY exit the front door of the residence which is clearly marked 906. WINFREY approached the male at the front driver's window and made what appeared to be hand-to-hand contact. The two appeared to talk briefly and then the blue GMC backed out of the driveway and

left the area. WINFREY then went back into the residence. Based upon my training and experience, the brief transaction appeared consistent with that of a drug transaction.

21.     On April 12, 2019, Special Agent Dana Mofenson of the DEA and I set up in the area of WINFREY's residence at 906 Dixwell Avenue again to conduct surveillance at approximately 10:00 AM. I observed what appeared to be a Chevrolet Blazer, first observed by law enforcement during surveillance conducted at 906 Dixwell Avenue on April 8, 2019, now parked in front of the residence on Dixwell Avenue. The vehicle bore CT Temporary registration 14497. A DMV record check revealed that the plate belonged on a Silver Nissan Frontier and was register to an "In Transit Customer" out of 60 State Street in Wethersfield, CT, which is the address of the CT Department of Motor Vehicles.

22.     At approximately 11:38 AM on April 12, SA Mofenson and I observed a younger black male exit a small silver sedan, which parked across the street from the residence. The black male with a beard ran across the street to the front door to 906 Dixwell Avenue. The black male then made a phone quick phone call and then waited. WINFREY then came and opened the door to the residence and let the male inside the common stairwell of the residence. The male was inside for approximately two minutes before exiting the door followed by WINFREY. WINFREY and the male appeared to make a quick hand-to-hand transaction as the male was exiting the door. Based upon my training and experience, the brief transaction appeared consistent with that of a drug transaction.

23.     After this transaction, WINFREY stood outside for a few seconds and then returned inside. The black male got back into the front seat of the silver sedan, which bore a partial CT Registration of 245???. SA Mofenson and I attempted to catch up to the vehicle as it left the area,

but the vehicle was driving erratically. SA Mofenson and I lost sight of the vehicle on Morse Street. Surveillance units returned to the area of the residence at 906 Dixwell Avenue.

## **CONCLUSION**

24. On April 16, 2019, the Honorable Sarah A.L. Merriam, United States Magistrate Judge, issued a search warrant for the premises of 906 Dixwell Avenue, Apartment 2R, Hamden, Connecticut, where WINFREY is believed to reside. That warrant has not yet been executed.

25. Based on the aforementioned information, I submit that this affidavit supports probable cause for a complaint and arrest warrant to issue against WINFREY for distribution of controlled substances and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of controlled substances in violation of 18 U.S.C. § 2.

26.     I also respectfully request that the criminal complaint and this affidavit remain sealed because premature disclosure of the investigation, including the criminal complaint and affidavit, will jeopardize the ongoing investigation and the safety of law enforcement officers conducting activities to further this investigation.

Respectfully submitted,

Jonathan Troesser
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on April 22, 2019

HON. SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE